### DEGNAN *v.* DEGNAN.

*(Supreme Court, General Term, First Department.    February 18, 1892.)*

1. DIVORCE—PROOF OF MARRIAGE—COHABITATION AND ACKNOWLEDGMENT.

    Plaintiff sought a divorce from his wife on the ground of a prior existing marriage on her part.    The defense was the invalidity of such prior marriage, in that the husband, at the time thereof, had been previously married in Sweden, which marriage was in force at the time of defendant's second marriage.    There was no record evidence of the marriage in Sweden, but it was shown that the alleged husband cohabited with a woman there as his wife, held her out to the world as such, that she was publicly recognized as such, and that unless such the law would not have allowed their cohabitation.    *Held* sufficient to impose on plaintiff the burden of rebutting the presumption of marriage arising from those facts.

2. SAME—FOREIGN LAWS.

    In such case, there being no allegation in the pleadings and no proof offered showing that the law of Sweden and that of New York as to the solemnization of marriages was different, the referee erred in assuming, from testimony showing

the custom in Sweden of entering marriages in a parish register, that the law of Sweden required such entry, and in holding that, for want of proof of such entry, the marriage was not shown.

Appeal from judgment on report of referee.

Action by James Degnan against Ella Degnan for divorce. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*J. Edward Swanstrom,* for appellant. *Joseph F. Moss,* for respondent.

O'BRIEN, J. This action was brought to annul the marriage between plaintiff and defendant, on the ground that, at the time of the marriage, the defendant was the wife of one Oscar Fried, whom she had previously married, and by whom she had a child, and from she had never been divorced. The defendant did not dispute the fact that, prior to her marriage with the plaintiff, a ceremony of marriage had been performed between herself and John Fried; but she introduced evidence tending to show that at the time of this ceremony Fried had a former wife living in Sweden, and hence his marriage with the defendant was null and void. It will thus be seen that the questions presented upon this appeal relate to the force and effect of the testimony offered on behalf of the defendant to show that Fried, at the time of his marriage with her, had a former wife living in Sweden; because it must be conceded, as a conclusion of law, that, if such was the fact, the defendant was under no legal disability to thereafter contract a valid marriage, and the one entered into between herself and the plaintiff would have been legal and valid. Upon the trial, the defendant, by testimony which is uncontradicted, showed that prior to 1872 she had come from Sweden to America, and that while living in Jersey City she met Fried, to whom she was married in the latter place, in 1872. After living with him for some years, she learned from letters received from her parents, who were then living in Sweden, and subsequently, by statements made by them when they came to America, and joined her, that Fried had another wife and four children living in Sweden. Acting upon this information, she refused to live with Fried, who thereafter fled to Salt Lake City, from which place he wrote letters admitting the truth of the charge made against him that he had another wife and children living in Sweden. One of these letters the plaintiff introduced as part of his case. In it Fried speaks of his wife in Sweden, and of the great wrong he perpetrated on the defendant, in inducing her to marry him, when he already had a wife living, and offered to secure a divorce if defendant would consent to a reunion with him. In addition to these letters, and the conduct of Fried, several witnesses were called who gave testimony to show that Fried had a wife and four children living in the town of Skefto, Sweden. On plaintiff's part, no evidence was offered to rebut the presumptions necessarily to be drawn from such testimony. Upon the trial, and in his opinion, the learned referee laid much stress on testimony adduced, showing that in Sweden marriages are entered in a parish registry, and the failure to prove the marriage between Fried and his former wife by such registry seems to have been a controlling fact in the determination of the referee that a former marriage by Fried had not been proven. The learned referee in his opinion also held that the legality of Fried's former marriage depended upon the law of Sweden; and, as he states, "under these circumstances, it is necessary to prove a marriage valid under the laws of the country where the marriage is alleged to have been made;" and further on in his opinion he states that "strict and absolute proof is requisite before placing the stain of illegitimacy on the surviving child of an admitted marriage solemnized in this country, and sanctioned by cohabitation of over ten years." We think that the learned referee inadvertently fell into an error as to the principles of law which should control. There was no allegation in the pleadings, nor was any proof offered, showing that the law in

this state and in Sweden was different. As said in *Hynes* v. *McDermott*, 82 N. Y. 41: "In the absence of proof, it will not be presumed that the law of marriage of any other country is different from that of this state." Upon the second appeal, in *Hynes* v. *McDermott*, reported in 91 N. Y. 458, ANDREWS, J., in writing the opinion, says: "There was no proof given as to the marriage law of France, and it was held, on the former appeal in this case, that, in the absence of proof to the contrary, it would be assumed that the requisites to constitute marriage are the same in any other country as in our own, and it may be safely assumed as a fact that in France the mutual consent of the parties to assume the relation of husband and wife, followed by cohabitation, constitutes marriage; since, if it was otherwise, it could readily have been shown." Again, at page 459, he says: "The presumption of marriage from cohabitation, apparently matrimonial, is one of the strongest presumptions known to the law. This is especially true in a case involving legitimacy. The law presumes morality, and not immorality; marriage, and not concubinage; legitimacy, and not bastardy. Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence."

In applying these principles to the question really presented to the referee, which was reduced to a determination as to whether or not Fried had a former wife living in Sweden, we think that the evidence adduced, in the absence of any testimony to the contrary, was sufficient to raise the presumption of said marriage. There are many cases that might be cited where the facts have been strained for the purpose of reaching the presumption of marriage in order to legitimatize children, but it will be noticed that such inferences and presumptions have been indulged in where the effort was to uphold the marriage. There can be no doubt as to the law in this state as to what is sufficient in order to prove a marriage, and we have found no support for the expression used by the referee that a strict and absolute proof is requisite. On the contrary, in *Gall* v. *Gall*, 114 N. Y. 109, 21 N. E. Rep. 106, it was held: "Marriage may be proved by showing actual cohabitation as husband and wife, acknowledgment, declarations, conduct, repute, reception among neighbors or relations, and the like." Can there be any doubt that, if an action had been brought in this state by the woman with whom Fried resided in Sweden, and by whom he had the four children, then upon the testimony adduced by the witnesses examined upon this trial, in the absence of a different law prevailing in Sweden, and in the absence of any testimony to the contrary, the relation between Fried and the woman in Sweden would have been held to be matrimonial? It was shown upon this trial by several witnesses that Fried and the woman by whom he had the four children lived in Skefto, Sweden. Their life, as detailed by the witnesses, was the ordinary household and family life of persons lawfully married, rearing a family of children at their domestic board, to whom the father gave his name, and over whom he exercised the parent's authority. The parish pastor baptized the children, and the husband and wife were recognized as such by their neighbors in the community where they lived; and, in addition, one of the witnesses who boarded with the Frieds in their home in Skefto, and knew their children, further testified that, in a place like Skefto, "a man and woman are not allowed by the law to live together unless they are married." It is difficult to see, upon this evidence, how the referee could have reached the conclusion that this did not raise a presumption of Fried's former marriage. As already stated, too much stress was placed by the referee upon the absence of proof of what the parish registry of Sweden might or might not contain. The keeping of a church registry is not required by law, and entries therein might or might not be correct. Moreover, such registry would not, as did the testimony in this case, identify the parties and their conduct and relations while living together. No one would maintain that such entry

was the best or only evidence of the marriage, but it was entirely proper for the defendant to prove it by any other competent evidence, which, as here, she attempted to do. Sufficient has been stated to indicate that the conclusion reached by us is that the referee erred in holding that the evidence introduced by the defendant was not sufficient to raise a presumption of the former marriage of Fried. We think it did, and that it was incumbent upon the plaintiff to meet it by some evidence which would rebut the natural and necessary inference which would flow therefrom. To the end that plaintiff may have an opportunity of rebutting the presumption thus raised, a new trial should be had, but the judgment appealed from should be reversed. All concur.